**Darnell LUCKY, Petitioner–Appellant,**

v.

**Arthur CALDERON, Warden, Respondent–Appellee.**

**No. 95–99021.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 22, 1996.

Decided June 19, 1996.

Monica Knox, Deputy Federal Public Defender, Los Angeles, California, for petitioner-appellant.

Paul M. Roadarmel, Jr., Deputy Attorney General, Los Angeles, California, for respondent-appellee.

Before: FARRIS, FERGUSON and T.G. NELSON, Circuit Judges.

FARRIS, Circuit Judge:

Darnell Lucky appeals the district court's order dismissing his habeas petition. The district court held that it lacked jurisdiction because the petition was unauthorized. It also held that, lacking jurisdiction, it could not evaluate Lucky's mental competence to waive his right to federal habeas review. We reverse.

## BACKGROUND

Lucky was convicted and sentenced to death in 1982. The California Supreme Court upheld the conviction and sentence in 1988. *See People v. Lucky,* 45 Cal.3d 259, 247 Cal.Rptr. 1, 753 P.2d 1052 (1988).

On November 30, 1990, Lucky's counsel, Monica Knox, filed a "Motion to Schedule Hearing on Sanity and Competency" in the Los Angeles Superior Court. In an affidavit accompanying the motion, she stated:

> During October and November 1990, I attempted to visit Mr. Lucky three times at San Quentin; I have been advised by prison guards that Mr. Lucky refuses to come out of his cell to meet with me; prior to October 1990, Mr. Lucky had never refused to meet with me ... I have no reason to believe that his recent refusal to come out of his cell to meet with me is the result of any dissatisfaction with [his] representation ...

> On November 6, 1990, I wrote to Mr. Lucky explaining my attempts to visit him; I asked him to telephone or write me and let me know what was going on; I have not heard from him; I also sent him documents, requesting him to sign them and return them to me and explaining the importance of the documents to further legal proceedings; I have not heard from Mr. Lucky and have not received any documents back ...

The superior court denied the motion for a competency hearing.

Lucky's petition for a writ of habeas corpus was filed on February 1, 1991. In an affidavit accompanying the petition, Knox stated that she was verifying the petition on Lucky's behalf because "(1) he is incarcerated in Marin County at San Quentin State Prison; (2) of the emergency nature of this petition for writ of habeas corpus and application for issuance of a writ staying execution of his sentence; and (3) these matters are more within my knowledge than his."

Litigation proceeded over the next four years. In June 1995, the district court requested briefing on the relevance of Lucky's

present mental competence. In her Memorandum of Points and Authorities, Lucky's attorney stated that she had verified Lucky's federal habeas petition "for the very reason that petitioner refused." In its reply brief filed on July 7, 1995, the government then argued for the first time that Lucky's habeas petition was unauthorized.

In an affidavit dated July 14, 1995, Knox stated:

> Petitioner had a February 8th [1991] execution date; he had not expressed in any way a desire to be executed, and I felt ethically bound to try to obtain a stay of his execution.

> When I could not get petitioner to sign the necessary papers, I verified the petition.

At the July 17, 1995, hearing on whether the district court had jurisdiction over the petition, Knox stated:

> We have a petitioner who was refusing to come out and meet with me ... refusing to answer my mail, and refusing to sign papers that I would send to him for signature.

On July 27, 1995, the district court dismissed the petition "as unauthorized." Lucky immediately filed a motion for reconsideration. On August 31, 1995, Lucky filed an affidavit stating that "Ms. Knox is fully authorized to file and pursue this litigation or any other challenging my death judgment." The district court denied the motion for reconsideration on September 26, 1995.

## DISCUSSION

■ A denial of a petition for habeas corpus is reviewed de novo. *Riley v. Deeds,* 56 F.3d 1117, 1119 (9th Cir.1995). We hold that the same standard applies to a summary dismissal of a petition for lack of jurisdiction.

■ A federal habeas petition can be signed and verified by "someone acting in [the petitioner's] behalf." 28 U.S.C. § 2242; *see also* Advisory Committee Note on Rule

2(c) ("As required by 28 U.S.C. § 2242, the petition must be signed and sworn to by the petitioner (*or someone acting in his behalf*)") (emphasis added). Thus, a habeas petitioner's attorney can sign and verify the petition for the petitioner. In the absence of evidence to the contrary, there is a presumption that a petitioner has been fully informed of, and has consented to, claims raised in the petition. *Deutscher v. Angelone,* 16 F.3d 981, 984 (9th Cir.1994).

■ Lucky's actions in October and November of 1990 were sufficient to rebut this presumption. The lack of a signature alone is not determinative. *See Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir.1990) (the district court may disregard petitioner's failure to sign and verify petition). But here there was more than a failure to sign. Knox's affidavit to the district court indicated that she verified the petition on Lucky's behalf because of the emergency nature of the petition and her particular knowledge of the underlying facts. Knox conceded in the affidavit signed four years later, however, that she actually signed the petition because she could not get Lucky to meet with her or sign the petition. We conclude that Lucky's repeated failures to respond to his attorney in any way, combined with his lack of verification and signature, rebutted the presumption that he consented to the petition.

■ The burden then shifted to Lucky to demonstrate that the petition was, in fact, authorized. He met this burden by filing the affidavit stating that his attorney was "fully authorized to file and pursue" the litigation.[1]

We reject the government's argument that Lucky's authorization came too late, and that "the crucial issue is whether the Petition was authorized *at the time of filing.*" After the government rebuts the presumption of authorization, the petitioner must simply demonstrate that the petition is presently authorized. The petitioner need not also prove that the petition was authorized at the time

---

1. The government challenges the admissibility of Lucky's affidavit. It notes that the affidavit was filed with Lucky's motion for reconsideration, and that the motion is not part of this appeal because Lucky failed to file an amended notice of appeal under Fed.R.App.P. 4(a)(4). The government is correct, but "in the interest of expediting decision" of this appeal, we will overlook Lucky's procedural error. *See* Fed.R.App.P. 2.

of filing, for at the time of filing, the presumption of authorization is in effect. Lucky did not have the burden to provide proof of authorization beyond his attorney's verification until July 1995, when the government overcame the presumption that Lucky had consented to his attorney's actions. Lucky then provided affirmative proof in the form of his affidavit that he authorized the petition. That was sufficient. The district court had jurisdiction.

Since we conclude that Lucky authorized the petition, we need not consider the decision of the district court that it lacked jurisdiction to consider whether Lucky was mentally competent to waive his right to federal habeas review.

We REVERSE the judgment of the district court and REMAND for further proceedings.

REVERSED and REMANDED.