111 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Edward CAPOGRECO, Petitioner/Appellant,
v.
Charles MARSHALL, Respondent/Appellee.
 No. 96-16427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1997.
Decided April 16, 1997.
 
 1
 Before: CANBY and RYMER, Circuit Judges, and EZRA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Kenneth Edward Capogreco ("Capogreco"), a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for first degree murder with special circumstances. Capogreco contends that his due process rights were violated when the trial court failed to conduct a competency hearing prior to accepting his waiver of the right to jury trial, and when the trial court denied him the right to reconsider his waiver after the court erroneously failed to advise him that he had the right to a jury trial on the special circumstances allegations. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. For the reasons stated below, we affirm.
 
 
 4
 The district court's decision to grant or deny a section 2254 habeas petition is reviewed de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.1996); Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995); Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.1995); see also Lucky v. Calderon, 86 F.3d 923, 925 (9th Cir.1996) (summary dismissal on jurisdictional ground is reviewed de novo ). Findings of fact made by the district court relevant to its decision are reviewed for clear error. Moran v. McDaniel, 80 F.3d 1261, 1268 (9th Cir.1996); Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 718 (1996); Riley, 56 F.3d at 1119. This court may affirm on any ground supported by the record even if it differs from the rationale of the district court. Martinez-Villareal, 80 F.3d at 1305; Bonin, 59 F.3d at 823.
 
 
 5
 In a 39-page decision, the magistrate judge issued a findings and recommendation that Capogreco's petition be denied because his due process rights had not been violated by the trial court's failure to sua sponte conduct a competency hearing prior to accepting his waiver of the right to jury trial. The magistrate also determined that Capogreco's due process rights were not violated when the trial court denied him his right to reconsider his waiver after the court erroneously failed to advise him that he had the right to a jury trial on the special circumstances. The district court subsequently reviewed the case de novo and issued an order adopting the magistrate's findings and recommendation to deny Capogreco's request for oral argument and application for a writ of habeas corpus.
 
 A. Competency Hearing
 
 6
 The conviction of an accused person while legally incompetent to stand trial is a clear violation of the constitutional guarantee of due process. Pate v. Robinson, 383 U.S. 375, 378 (1966). The test for mental competency is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). However, in a federal habeas proceeding, the state court determinations of mental competency are given a presumption of correctness. Evans v. Raines, 800, F.2d 884, 887 (9th Cir.1986) (citing 28 U.S.C. § 2254(d)). Competency determinations should be accorded deference even though they may involve mixed questions of fact and law. Id.
 
 
 7
 In addition, "[a] defendant's bizarre actions or statements, or counsel's statement that the defendant is incapable of cooperating in his own defense, or even psychiatric testimony need not alone raise sufficient doubt." Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir.1990) (citing United States v. Ives, 574 F.2d 1002, 1004 (9th Cir.1978)).
 
 
 8
 In the instant case, the state trial court had the benefit of the entire record before it, including the credibility of the doctors as well as Capogreco's own demeanor and credibility. The trial court specifically found the testimony of both doctors to be "unreasonable." The court noted the contradictory nature of the testimony of one of the doctors and the bias of Dr. Globus which "shades impermissibly into his opinion." The psychiatric testing was comprehensive, and there is no indication that another mental evaluation for the purpose of determining competency would have revealed anything more than that illuminated by the numerous tests already conducted.[1]
 
 
 9
 Capogreco never displayed irrational behavior or bizarre actions. His own behavior seemed lucid; he never exhibited signs of mental illness or hallucinations. Based on Capogreco's own representations on the record, he exhibited a clear understanding that he was waiving his right to jury trial in return for the state's agreement not to seek the death penalty. Capogreco was asked several times whether he understood that he was essentially agreeing to a sentence of life imprisonment without possibility of parole. He was asked several times whether he was willing to give up the right to a jury trial and to cross-examine witnesses. The court conducted a lengthy colloquy regarding his waiver of rights--and to each question, Capogreco concurred.
 
 
 10
 Thus, the court, on the record, expressed its certainty that Capogreco had waived his right to jury trial knowingly and voluntarily. For reasons stated, as well as those detailed by the magistrate, we agree that the trial court's failure to conduct a competency hearing sua sponte did not amount to a violation of due process.
 
 B. Jury Trial on Special Circumstances
 
 11
 There is no Sixth Amendment right to have a jury hear and rule on special circumstance allegations. Walton v. Arizona, 497 U.S. 639 (1990). Allegations of a deprivation of a state statutory right to a jury trial implicate the federal Due Process Clause. Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (denying the petitioner the jury sentence to which he was entitled under state law amounted to an arbitrary disregard of the petitioner's right to liberty and a denial of due process of law). A federal court may review a state's failure to comply with state law for alleged violations of the federal Due Process Clause. Hernandez v. Ylst, 930 F.2d 714 (9th Cir.1990) (habeas denied for finding no constitutional violation in the state court's failure to hold a competency hearing). In California, the state right to jury trial on special circumstances is subject to harmless error analysis. People v. Moreno, 228 Cal.App.3d 564, 579 (1991).
 
 
 12
 The trial court carefully considered whether Capogreco committed the murders of his mother and his stepfather. He was found guilty of both murders. The special circumstance found true as to the double murders rested on the simple fact that Capogreco was convicted of more than one offense of first degree murder. When the trial court found Capogreco guilty of first degree murder on both killings, by definition, the special circumstances applied.[2] Under these circumstances, we agree that there was no problem in taking the special circumstances waiver separately from the jury trial waiver.
 
 
 13
 As thoroughly detailed in the magistrate's findings, when Capogreco was called back into court on the special circumstances issue based on the subsequent decision of People v. Memro, 38 Cal.3d 658, 704 (1985), he again exhibited a full understanding of his rights. However, it is well settled in this Circuit that a "defendant's 'change of heart' is insufficient as a 'fair and just reason' " for a withdrawal of a guilty plea. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). Therefore, we also agree that Capogreco's due process rights were not violated when the trial court denied him the right to reconsider his valid waiver of the right to jury trial on the substantive charges.
 
 
 14
 The decision appealed from is AFFIRMED.
 
 
 
 *
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Capogreco's I.Q. was found to be normal, within the 96-98 range, he did not have a severe reading problem, just reading difficulty, he had a very good profile on socialization and responsibility scales and the results on a good number of the other tests performed on him revealed the same
 
 
 [2]
 The case of People v. Memro, 38 Cal.3d 658, 704 (1985), which found a state right to jury trial on special circumstances, was decided two days after the taking of Capogreco's jury trial waiver. Out of an abundance of caution, the trial judge called Capogreco back to court to obtain a waiver of the right to jury trial on that issue. The fact that this is not a case where a defendant was completely deprived of an established state right weighs significantly against a finding of a violation of due process