**David J. DEARINGER and Victor Litovchenko, ex rel. Natalia VOLKO-VA, Petitioners–Appellees,**

v.

**Janet RENO, Attorney General of the United States, and Immigration and Naturalization Service, Respondents– Appellants.**

No. 98–35861.

United States Court of Appeals, Ninth Circuit.

Submitted April 24, 2000[1]

Filed Nov. 15, 2000

---

1. The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a)(2).

David J. Dearinger and Victor Litovchenko, petitioners pro se.

John L. Davis, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for the respondent.

Before: B. FLETCHER, HAWKINS, and THOMAS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

The government appeals from the district court's grant of a writ of habeas corpus to David Dearinger and Victor Litovchenko on behalf of Natalia Volkova. The district court directed the government to reissue the order of deportation so that Volkova has a new thirty-day period in which to appeal the Board of Immigration Appeals' (BIA) denial of her claim for asylum and withholding of deportation to the Ninth Circuit. The government argues that the district court lacked jurisdiction over the petition, and that it erred in finding ineffective assistance of counsel. We affirm the district court's finding of jurisdiction and grant of the petition.

## BACKGROUND

Volkova entered the United States on May 20, 1993 on a six-month tourist visa. She applied for asylum on June 22, 1993. The Asylum Officer denied asylum. Volkova overstayed her tourist visa, and on October 12, 1995, the INS issued an order to show cause charging Volkova as being deportable pursuant to 8 U.S.C. § 1231(a)(1)(B) for overstaying her tourist visa. She applied for asylum, withholding of deportation, and voluntary departure.

The Immigration Judge ("IJ") held a hearing on October 10, 1996. The IJ found that Volkova was generally credible and that she had suffered past persecution on the basis of her religion. The IJ also found, however, that she had not shown a well-founded fear of future persecution because country conditions in her native

Ukraine had changed considerably.[2] As such, the IJ denied asylum and withholding of deportation and granted voluntary departure. Volkova timely appealed to the BIA, which affirmed the IJ on August 12, 1997.

After the BIA's affirmance, Volkova obtained new counsel. This new counsel filed a petition for review of the BIA decision in this court one day late. The government moved to dismiss for untimely filing of the appeal. This court dismissed the petition, *Volkova v. INS*, No. 97–71026 (9th Cir. December 3, 1997).

On March 16, 2000, David Dearinger and Victor Litovchenko, next friends of Volkova (collectively, the "Friends") filed a petition for habeas corpus in the district court. The district court concluded that (1) the Friends had standing to make this claim as next friends of Volkova; (2) it had jurisdiction over the petition; and (3) Volkova's counsel provided ineffective assistance. The district court granted the petition and ordered the government to reenter the BIA's order denying the appeal and restart the thirty-day period for filing the petition for review in the court of appeals. The government appeals, claiming that the district court did not have jurisdiction over the habeas petition and that the claim of ineffective assistance of counsel fails.

## ANALYSIS

### I. Jurisdiction

 The Friends assert that the district court had jurisdiction over this habeas petition pursuant to 28 U.S.C. § 2241, and that this court has jurisdiction under 28 U.S.C. § 2253. The INS argues that § 306 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996), deprives this court of jurisdiction over this matter. We review determinations of jurisdiction de novo. *See Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir. 1996).

IIRIRA § 306 added a new section to the Immigration and Nationality Act, INA § 242(g), codified at 8 U.S.C. § 1252(g), which restricts judicial review of deportation orders:[3]

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

The INS argues that direct review of the BIA's decision in this court was Volkova's only avenue of relief, and that INA § 242(g) precludes the district court from exercising habeas jurisdiction over the matter. We disagree. In *Magana–Pizano v. INS*, 200 F.3d 603, 609 (9th Cir. 1999), we decided that "neither AEDPA nor IIRIRA repealed statutory habeas remedies other than INA § 106(a)(10). Thus, 28 U.S.C. § 2241 remains an available remedy to those challenging executive detention." 200 F.3d at 609. Under *Magana–Pizano*, therefore, the district court properly exercised jurisdiction over this habeas petition pursuant to 28 U.S.C. § 2241.

### II. Ineffective Assistance of Counsel

 The government contends that the district court erred in finding that Volkova's counsel rendered ineffective assistance.[4] We review claims of ineffective

2. Volkova contended that she was stateless because she was not a citizen of the Ukraine (where she was born), nor of Estonia (where she lived for 12 years before coming to the United States). The IJ found that if neither the Ukraine nor Estonia would accept her, she could not be expelled from the United States.

3. IIRIRA specifically provides for retroactive application of INA § 242(g). *See* IIRIRA §§ 306(c)(1), 309(c)(1) and (4), *as amended by* Pub.L. No. 104–302.

4. A claim of ineffective assistance of counsel occurring after the BIA has ruled may be raised with the BIA by filing a motion to reopen. *See Lata v. INS*, 204 F.3d 1241,

assistance of counsel de novo. *See Jackson v. Calderon,* 211 F.3d 1148, 1154 (9th Cir.2000).

There is no constitutional right to counsel in deportation proceedings. *See Castro–Nuno v. INS,* 577 F.2d 577, 578 (9th Cir.1978). Due process, however, must be accorded. *See United States v. Barraza–Leon,* 575 F.2d 218, 220 (9th Cir. 1978). Thus, any right to counsel in a deportation proceeding arises under the Fifth Amendment right to due process. *See Ramirez–Durazo v. INS,* 794 F.2d 491, 500 (9th Cir.1986).

To show a due process violation, an alien must prove "not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *See Magallanes–Damian v. INS,* 783 F.2d 931, 933 (9th Cir.1986); *see also Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (alien must show error and substantial prejudice).

In *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 1038, 145 L.Ed.2d 985 (2000), the Supreme Court held that where a defendant can show that there is a reasonable probability that he would have appealed but for counsel's deficient failure to consult with him about an appeal, prejudice is presumed. Although *Flores–Ortega* concerns a defendant's Sixth Amendment right to counsel, it sheds light on our inquiry under the Fifth Amendment right to due process.

Like the habeas petitioner in *Flores–Ortega,* where an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely. And, as the Court stated in *Flores–Ortega,* this error "mandates a presumption of prejudice because 'the ad-

versary process itself' has been rendered 'presumptively unreliable.'" *Id.* at 1038 (quoting *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (addressing denial of counsel during a critical stage of a judicial proceedings)). The *Flores–Ortega* Court continued that it could not "accord any presumption of reliability to judicial proceedings that never took place." *Id.* We agree and conclude that the holding of *Flores–Ortega* applies with equal force to claims of ineffective assistance of counsel arising out of the Fifth Amendment right to due process.

Applying the *Flores–Ortega* test to this case, we note that the Friends have shown that Volkova would have timely appealed but for her counsel's error: they showed that the appeal was actually filed, and that due to counsel's error, it was filed one day late. We conclude that prejudice should be presumed and, therefore, that Volkova's counsel provided ineffective assistance.

The government argues that due process in the immigration context does not require an appeal to the Ninth Circuit. As such, the government continues, it cannot be a denial of due process for counsel to have prevented that appeal. The government relies on *Duldulao v. INS,* 90 F.3d 396 (9th Cir.1996) for this proposition. In *Duldulao,* we rejected a petitioner's assertion that AEDPA § 440(a), which revokes our jurisdiction over final orders of deportation under certain circumstances, is unconstitutional. *See id.* at 400. In so holding, we stated that "[s]ince aliens have no constitutional right to judicial review of deportation orders, section 440(a) does not offend due process." *Id.*

The due process violation complained of here is ineffective assistance of counsel, not the availability of an appeal to the Ninth Circuit. Volkova was entitled to have the Ninth Circuit review her petition.[5] Had her counsel not untimely filed

---

1245–46 (9th Cir.2000). However, failure to do so does not bar this court from hearing the claim. *See id.*

5. This case falls within IIRIRA's "transitional rules," which apply to deportation proceedings that were commenced before April 1,

1997 and resulted in final deportation orders issued after October 30, 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). The transitional rules provide that, with certain exceptions not relevant here, the court of appeals has jurisdiction over a petition for re-

the appeal, it would have been reviewed by our court. Courts do not require that every instance of ineffective assistance of counsel be directed at an error of constitutional dimension. In *Castillo–Perez v. INS*, for example, we held that counsel provided ineffective assistance where he failed to timely file an application for asylum and withholding of deportation. 212 F.3d 518, 520 (9th Cir.2000). In that case, the petitioner admitted the charges in the Order to Show Cause and conceded he was deportable. *See id.* at 521. The IJ granted him an opportunity to file the application for asylum and withholding of deportation. The IJ warned counsel, however, that if the application was not submitted before an established deadline, the order of deportation would be entered. Counsel failed to timely file the application, and we found ineffective assistance. In *Castillo–Perez*, the petitioner had no constitutional right to file the application, yet deprivation of that right was considered ineffective assistance of counsel. Similarly, while the deprivation of direct review of a deportation proceeding in the Ninth Circuit may not violate the Constitution, there may still be a constitutional violation if there was ineffective assistance of counsel.

The government next argues that Volkova did not show prejudice because she did not show that her counsel's performance before the IJ and the BIA was ineffective. The error Volkova's Friends point to is the failure of counsel to file a timely appeal with the Ninth Circuit. Certainly the Friends must show that Volkova was prejudiced, but, as the district court noted, the petitioner only need show "plausible grounds for relief," *Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996), and the Friends have certainly done that.

The government also argues that there must be "official misleading" as to the time limits for a court to have jurisdiction over an untimely appeal. The problem with this argument is that the question here is not whether we have jurisdiction over an untimely appeal, but rather whether Volkova's counsel provided ineffective assistance when he untimely filed the appeal to the Ninth Circuit.

We AFFIRM the district court's order granting the writ of habeas corpus.

view of a BIA decision under old section 106(a) of the INA. *See* IIRIRA §§ 306, 309(c)(1) and (4), *as amended by* Pub.L. No. 104–302.