**Errol Anthony WALKER, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Michael B. Mukasey [1], Respondent.**

No. 05–5008–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales the respondent in this case.

---

Gregory C. Osakwe, Hartford, CT, for Petitioner.

Lisa E. Perkins, Assistant United States Attorney (William J. Nardini, on the brief) for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Respondent.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, LEWIS A. KAPLAN,[2] District Judge.

## SUMMARY ORDER

The Petitioner, Errol Anthony Walker, seeks review of an April 28, 1998 BIA decision and order. This 1998 order summarily dismissed his appeal—from a February 19, 1997 decision and order of removal of the Hartford Immigration Court—because Walker failed to file a written brief or statement in support of his appeal and failed to provide an explanation for his failure to do so. 8 C.F.R. § 3.1(d)(1–a)(i)(E).

The starting point for analysis in this case is the validity of Walker's claim that he received ineffective assistance of counsel when he appealed the IJ's decision to the BIA in March 1997. Without a finding of ineffective assistance, Walker's remaining claims can be dismissed, since he waived them by not raising them with the IJ or the BIA.[3] Furthermore, his claims that he received ineffective assistance from his state trial lawyer, and his state appellate lawyer, are not properly before us: "[c]ollateral attacks [on state convictions] are not available in a habeas petition challenging the BIA's removal decision." *Abimbola v. Ashcroft,* 378 F.3d 173, 181 (2d Cir.2004). His claim based on the 1936 Vienna Convention on Consular Relations (VCCR) is also not properly before us. *See Sanchez–Llamas v. Oregon,* 548 U.S. 331, 126 S.Ct. 2669, 165 L.Ed.2d 557 (2006) (holding that petitioner's failure to raise a VCCR claim in state court precludes him from raising the claim on collateral review in a federal habeas case).

In an ineffective assistance claim, the petitioner must ... establish that he was prejudiced by the performance of counsel. *See Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993). Additionally, the petitioner must demonstrate due diligence after learning of his or her attorney's incompetence. *See Jin Bo Zhao v. INS,* 452

---

2. Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

3. We may review an order of removal only if the petitioner "has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Based on prudential or judicial exhaustion, we ordinarily will not consider issues not raised before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007). Further, "the requirement of § 1252(d)(1) that federal courts review only 'final orders of removal' has the effect of imposing a bar to the review of issues not raised to the BIA." *Id.*

F.3d 154, 157 (2d Cir.2006) (citing *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000)). While it is clear that Walker's counsel's failure to file a brief in support of his appeal to the BIA could warrant a finding of prejudice, as the BIA itself recognized in its denial of Walker's motion to reopen, the BIA did not abuse its discretion in determining that Walker failed to demonstrate that he exercised "due diligence" after learning of his attorney's incompetence. Even if he did not realize immediately that his lawyer had not filed his appeal brief, due diligence required him to follow-up with his attorney after the IJ's decision and, if he received no response from his attorney, to thereafter follow-up with the BIA on his own. Walker, who bears the burden on this issue, *see Cekic v. INS*, 435 F.3d 167, 170–71 (2d Cir.2006), proffered no evidence of any actions taken to contact his attorney or the BIA. The BIA reasonably determined that by waiting over eight years to address the failure of his former counsel, Walker failed to exercise the necessary due diligence. His claim of ineffective assistance of immigration counsel therefore fails. We have considered the rest of Walker's remaining arguments and consider them also to be without merit.

For the foregoing reasons, the petition for review is DENIED.