SUMMARY ORDER

Wen Fang Shi, a native and citizen of the People’s Republic of China, seeks review of a November 25, 2008 order of the BIA denying her motion to reopen and reissue. In re Wen Fang Shi, No. A077 550 393 (B.I.A. Nov. 25, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
We review the agency’s denial of a motion to reissue for abuse of discretion. See Ping Chen v. U.S. Att’y Gen., 502 F.3d 73, 75 (2d Cir.2007). In her motion, Shi requested that the BIA reissue its prior decision so that she could file a timely petition for review in this Court, alleging that prior counsel had been ineffective because she failed to file such a petition. In order to prevail on a claim of ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise, and that the alien was prejudiced by her counsel’s performance. See Rabiu v. INS, 41 F.3d 879, 882-83 (2d Cir.1994).
Even assuming, however, that prior counsel was ineffective, see Jin Bo Zhao v. INS, 452 F.3d 154, 158 (2d Cir.2006) (stating that an attorney would be ineffective if she was hired well before the BIA’s deadline to file a motion but failed to file a timely motion), the BIA reasonably determined that Shi failed to demonstrate that she was prejudiced as a result. The BIA explained that Shi “failed to offer any evidence that an appeal of [its] final order ha[d] any possibility of success and that the end result of her removal proceedings would have been different had her prior attorney filed the petition for review.”
Indeed, Shi made no argument that a petition for review in this Court had any likelihood of success. Absent such an argument, the BIA acted well within its discretion in denying Shi’s motion. See Ra-biu, 41 F.3d at 882 (holding that in order to “show that the attorney’s failure to file” an application for relief caused her “actual prejudice,” she “must make a prima facie showing that [s]he would be eligible for the relief and that [s]he could have made a strong showing in support of her application.”).[1]
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti *571 tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. To the extent Shi's arguments in her brief to this Court challenge the agency's underlying denial of her application for relief from removal, this Court lacks jurisdiction to review those claims. See Stone v. INS, 514 U.S. 386, 406, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).