# United States Court of Appeals
## For the First Circuit

No. 18-1522

ADOLFO FRANCO-ARDON,

Petitioner,

v.

WILLIAM P. BARR,[*]
ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before
Lynch, Thompson, and Barron,
Circuit Judges.

Randy Olen on brief for petitioner.
Laura Halliday Hickein, Trial Attorney, Joseph H. Hunt, Assistant Attorney General, Shelley R. Goad, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

April 26, 2019

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General William P. Barr has been substituted for former Acting Attorney General Matthew G. Whitaker as the respondent.

BARRON, **Circuit Judge**. Adolfo Franco-Ardon ("Franco-Ardon"), a Guatemalan citizen, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his 2012 order of removal. Franco-Ardon based that motion on his prior counsel's alleged ineffective assistance of counsel in failing to file a brief with this Court in his petition for review of the BIA's denial of his earlier challenge to that removal order. We deny the petition.

## I.

Franco-Ardon's petition arises from the following set of circumstances. On January 18, 2012, the BIA affirmed the Immigration Judge's (IJ) decision ordering his removal and denying his request for asylum, withholding of removal, and protection under the Convention Against Torture. Franco-Ardon then petitioned for review of the BIA's ruling to our Court in Franco-Ardon v. Holder, C.A. No. 12-1214. We dismissed the petition on October 23, 2012. We did so on the ground that Franco-Ardon had failed to file a brief pursuant to Local Rules 45.0(a) and 3.0(b).

Franco-Ardon thereafter made a number of applications for a stay of removal to this Court, the last of which we denied in August of 2017 and thus many years after he had filed his petition for review of the BIA's ruling affirming his order of removal. Franco-Ardon then retained new counsel, who investigated the reasons for our dismissal of Franco-Ardon's 2012 petition for

- 2 -

review.  That counsel informed Franco-Ardon that his petition for review had been dismissed due to his former counsel's failure to file a brief to our Court.

In the wake of having been so informed, on January 10, 2018, Franco-Ardon filed a motion to reopen with the BIA.  He did so on the ground that his prior counsel had provided him with ineffective assistance of counsel by failing to file the opening brief before this Court in his petition for review.  The BIA denied the motion to reopen on May 18, 2018.  The BIA concluded that Franco-Ardon had failed to establish either the requisite due diligence to excuse his failure to comply with the 90-day filing deadline for motions to reopen, see 8 U.S.C. § 1229a(c)(7)(C)(i), or a "likelihood of success" regarding his ineffective assistance of counsel claim "based on prevailing First Circuit precedent" which the BIA did not specify.  Franco-Ardon now petitions from the BIA's denial of his motion to reopen.

## II.

The government contends that we lack jurisdiction over Franco-Ardon's petition for review because it challenges the BIA's decision to reject a motion to reopen that is based on ineffective assistance of counsel that was allegedly rendered only after the BIA's earlier proceedings had come to an end.  The government goes on to contend that, even if we do have jurisdiction to review the BIA's ruling rejecting that ground for granting the motion to

reopen, Franco-Ardon's petition for review must be denied for either of the two reasons that the BIA gave for denying the motion.

We proceed on the assumption that we may review the BIA's decision to deny Franco-Ardon's motion to reopen on the merits as, even on that assumption, the petition for review still must be denied. See Morris v. Sessions, 891 F.3d 42, 48 (1st Cir. 2018). We come to that conclusion even if we look past Franco-Ardon's years-long delay in seeking the motion to reopen and focus, instead, only on his challenge to the BIA's ruling concerning his failure to show the "likelihood of success" that the BIA required him to demonstrate with respect to his ineffective assistance of counsel claim.

Although the BIA was not entirely clear as to the basis for its "likelihood of success" requirement, the parties appear to agree that the BIA was imposing, in effect, a prejudice requirement, with respect to Franco-Ardon's ineffective assistance of counsel claim, such that in the absence of him demonstrating sufficient prejudice, his motion to reopen could be properly denied. Franco-Ardon contends that the BIA erred in concluding that his ineffective assistance of counsel claim could not support his motion to reopen due to his failure to show prejudice on the basis of two out-of-circuit precedents -- Dearinger v. Reno, 232 F.3d 1042 (9th Cir. 2000) and Gjondrekaj v. Mukasey, 269 Fed. App'x. 106 (2nd Cir. 2008). But neither precedent supports his

- 4 -

contention.

Gjonderkaj holds that the BIA has the authority to grant a motion to reopen based on an alien's allegation that he received ineffective assistance of counsel that resulted in the waiver of the alien's right to petition for review of the BIA's ruling affirming an order of removal to the Court of Appeals. 269 Fed. App'x. at 108. But, Gjonderkaj did not address -- as it had no occasion to do so -- whether the BIA may require the alien who makes such a motion to show that, absent the waiver, the petition for review was likely to succeed. Thus, Gjondrekaj, which is not controlling in any event, provides no support for Franco-Ardon's contention that the BIA erred in denying his motion to reopen insofar as it did so because he failed to make that showing of prejudice here.

Nor does Dearinger help Franco-Ardon establish that the BIA erred in that regard. In Dearinger, the Ninth Circuit drew an analogy to Sixth Amendment precedents that govern ineffective assistance of counsel claims in criminal proceedings and held that "prejudice is presumed" when an alien receives ineffective assistance of counsel that results in the alien's waiver of the right to seek a timely federal court challenge to a BIA ruling

- 5 -

affirming an order of deportation.[1] Dearinger, 232 F.3d at 1045. But, after Dearinger, we rejected a petition for review of the BIA's affirmance of the denial of a motion to reopen, in which the motion had been based on the alleged ineffective assistance of the alien's counsel in waiving an appeal to the BIA. See Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001). And, in doing so, we declined "to extend[] the prejudice per se notion from criminal convictions to review of waiver denials in deportations," while expressly noting our disagreement on that score with the result in Dearinger. Id. Thus, we cannot accept Franco-Ardon's request that we now adopt Dearinger's holding that prejudice must be presumed and find that the BIA erred insofar as it ruled otherwise. Accord Bin Wang v. Att'y Gen. of U.S., 363 Fed. App'x 888, 890-91 (3d Cir. 2010) (rejecting a petitioner's argument that he received ineffective assistance of counsel when his counsel failed to petition for appellate review because the petitioner failed to show a "reasonable likelihood that the result would have been different" but for counsel's errors); Wen Fang Shi v. Holder, 349

---

[1] Although the Court in Dearinger presumed prejudice from the waiver caused by the ineffective assistance of counsel, it went on to note that the petitioner also needed to establish "plausible grounds for relief," 232 F.3d at 1046, which it found to have been satisfied there without specifying the showing that an alien must make to satisfy that standard. The Ninth Circuit has since explained that Dearinger "implicitly" established a "rebuttable . . . presumption of prejudice." Rojas-Garcia v. Ashcroft, 339 F.3d 814, 826 (9th Cir. 2003).

Fed. App'x 569, 570 (2d Cir. 2009) (same).

Finally, Franco-Ardon fails to identify anything in the record that could suffice to compel the conclusion that he has shown the requisite prejudice from the alleged ineffective assistance of counsel on which he bases his motion to reopen, such as by demonstrating a likelihood of success with respect to his original petition for review had it not been waived. Instead, Franco-Ardon simply asserts -- in a conclusory manner -- that he had meritorious issues to raise in that earlier petition. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (treating arguments not developed on appeal as waived).

**III.**

The petition for review is **<u>denied</u>**.