Ahmed v. Bondi

BIA
A220 718 815

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-six.

PRESENT:
> ROBERT D. SACK,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

RIDOIY AHMED,
> *Petitioner,*

v.                                                              **24-2091**
                                                                 **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

FOR RESPONDENT: Yaakov M. Roth, Acting Assistant Attorney General, Sheri R. Glaser, Acting Assistant Director, Jenny C. Lee, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED for further proceedings.

Petitioner Ridoiy Ahmed, native and citizen of Bangladesh, seeks review of a July 8, 2024, decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider the BIA's dismissal of his appeal as untimely. *In re Ridoiy Ahmed*, No. A220 718 815 (B.I.A. July 8, 2024).

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion, *see Jie Chen v. Gonzales*, 436 F.3d 76, 77 (2d Cir. 2006) (per curiam), but review an ineffective assistance claim de novo, *see Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011) ("On petitions for review of denied motions to reopen, we review de novo constitutional claims and questions of law."); *Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008) ("A claim of ineffective assistance of counsel is a constitutional claim.").

2

After an Immigration Judge ("IJ") denied asylum and related relief, Ahmed's first counsel filed a timely, but defective, notice of appeal, which was rejected. Five months later, counsel asked the BIA to accept an untimely appeal claiming that he did not receive the rejection notice. The BIA summarily dismissed the appeal as untimely. Ahmed then moved to reconsider with a new attorney, stating that the first attorney had not provided adequate assistance. The motion for reconsideration asserted that Ahmed had received ineffective assistance from his prior counsel but provided no explanation. The BIA denied the motion, noting that Ahmed had not alleged factual or legal errors in the previous decision, but instead, relied on an assertion of ineffective assistance of counsel. The BIA concluded that Ahmed failed to comply with the procedural requirements for making such a claim and did not show prejudice from his prior counsel's actions. Ahmed petitioned for review with new counsel, arguing that his two prior attorneys both provided ineffective assistance.

To obtain reopening based on ineffective assistance of counsel, a movant must demonstrate that counsel acted unreasonably and show prejudice from that deficient performance. *See Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023). A movant generally must also comply with specific procedural requirements set

3

forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988).[1] *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 45–46 (2d Cir. 2005). *Lozada* dictates that a movant should provide a detailed affidavit, give former counsel notice and a chance to respond to the allegations, and explain any steps taken with disciplinary authorities, if relevant. *Id.* at 45 n.1. The *Lozada* requirements "serve to deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). We do not require "slavish adherence" to these requirements, only "substantial compliance." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007). Crucially, we have excused compliance with the *Lozada* requirements where the ineffective assistance is clear from the face of the record. *Id.*

We do so here. Ahmed acknowledges that his motion to reconsider did not comply with the *Lozada* requirements. But the facts on which the ineffective assistance claim is based are clear on the face of the record—Ahmed's counsel failed to properly file a timely notice of appeal, then waited five months to attempt to cure the defect; and counsel acknowledged the facts underlying the error in a

---

[1] Ahmed argues that we should not adhere to *Lozada* following *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which overruled *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). But our previous decisions upholding the agency's adoption of the *Lozada* requirements did not rely on *Chevron* deference. *See, e.g., Debeatham v. Holder*, 602 F.3d 481, 484–85 (2d Cir. 2010).

4

motion to accept an untimely filing. Indeed, the BIA failed to acknowledge Ahmed's counsel's recognition that he filed defective and untimely notices of appeal. *See Yi Long Yang*, 478 F.3d at 143 (finding error when BIA failed to acknowledge disbarment of former attorney because it was "too important to ignore" (quotation marks omitted)). The failure to file a non-defective notice of appeal cannot be misconstrued as a tactical or strategic decision by counsel. Thus, the purpose of the *Lozada* requirements—deterring meritless claims and providing a basis for determining ineffectiveness—is satisfied. *Id*.

Having found the *Lozada* requirements are excused, however, Ahmed must show that he was prejudiced by counsel's errors. *See Paucar*, 84 F.4th at 80. If not, remand would be futile. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275–76 (2d Cir. 2006). Ahmed argues that he was prejudiced because he was deprived of his right to appeal to the BIA. There appears to be some ambiguity in this Circuit as to whether the loss of an otherwise viable[2] opportunity for review, before this Court or the BIA, may be sufficient to show prejudice on its own without a demonstration on the underlying merits. *Compare Xai Mei Liu v. Mukasey*, 271 F.

---

[2] We have held that where we lack jurisdiction to review a petition even absent counsel's errors, that a petitioner may not rely on the unavailability of review as demonstrating prejudice. *See Debeatham*, 602 F.3d at 486. But no such jurisdictional barrier exists here.

5

App'x 91, 92–93 (2d Cir. 2008) (summary order) ("Liu has failed to offer any evidence that an appeal of the BIA's final order had any possibility of success" and therefore failed to show prejudice) *with Walker v. Dep't of Homeland Sec.*, 263 F. App'x 172, 174 (2d Cir. 2008) (summary order) (observing that it was "clear" that failure to file a brief to the BIA, resulting in appeal's summary dismissal, "could warrant a finding of prejudice," but denying petition due to petitioner's eight-year delay).[3] And other circuits are split on the issue, with some recognizing that counsel's error alone might create a rebuttable *presumption* of prejudice in similar circumstances, while others have required a plausible showing on the merits.[4]

---

[3] Recently, in a non-precedential decision, we rejected a petitioner's argument "that the lost opportunity for judicial review itself suffices to establish prejudice." *Azamov v. Bondi*, No. 24-1475, 2025 WL 3096713, at *2 (2d Cir. Nov. 6, 2025). But there, the Court's holding was premised on the notion that even had we "used [petitioner's] preferred legal standard" to assess prejudice, he would not succeed because counsel's mistake did not bar the petitioner, as a matter of law, from seeking judicial review. *Id.* at *2 n.2 (citing *Riley v. Bondi*, 145 S. Ct. 2190, 2203 (2025)). The same is not true here in relation to review before the BIA, and thus, our decision in *Azamov* would not settle the issue, even if it were precedential.

[4] *Compare, e.g.*, *Flores-Castillo v. Barr*, 790 F. App'x 937, 940 n.1 (10th Cir. 2019) (summary order expressing "some doubt as to whether a petitioner who was prevented from filing a timely petition for review by the ineffective assistance of counsel is required to make a separate showing of prejudice in order to obtain relief"); *Vidinski v. Lynch*, 840 F.3d 912, 919 (7th Cir. 2016) (assuming arguendo "that a presumption of prejudice might apply where briefing before the [BIA] is truly deficient," resulting in the waiver of issues, but finding such presumption rebutted where BIA considered and "reasonably rejected" the petitioner's merits arguments in the context of a motion to reopen); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (attorney errors that forfeit appeal give rise to a presumption of prejudice, which may be rebutted if petitioner has no "plausible grounds for relief"), *with Franco-Ardon v. Barr*, 922 F.3d 23, 25 (1st Cir. 2019) (rejecting argument that attorney error waiving petition for review was "prejudice per se"); *Sako v. Gonzales*, 434 F.3d 857, 864 (6th Cir. 2006) (petitioner "must establish that, but for the ineffective assistance of counsel, he would have been entitled to continue residing in the United States").

We need not decide the prejudice issue at this juncture because we cannot decipher how the BIA approached the question. The BIA concluded that Ahmed had "not established prejudice," but it did not cite legal authority, explain its reasoning, or provide any other basis for its decision. The BIA thus abused its discretion in deciding Ahmed's motion, and we remand for further consideration and explanation of the standard it is operationalizing. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (explaining that for a motion to reopen, the BIA "abuses [its] discretion . . . if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements" (quotation marks omitted)); *Wei Guang Wang*, 437 F.3d at 275 ("[T]he BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." (quotation marks omitted)).[5]

---

[5] Finally, to the extent Ahmed argues that his second attorney was ineffective for filing an insufficient motion to reconsider, that claim is unexhausted because he has not yet raised it to the BIA. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007) ("We generally require that ineffective assistance claims be presented in the first instance to the BIA, either through a motion to reopen or on direct appeal.").

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court