NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUANGYAO XU,<br><br>            Petitioner,<br><br>   v.<br><br>PAMELA BONDI, Attorney General,<br><br>            Respondent. | No. 24-4296<br><br>Agency No.<br>A246-616-813<br><br>MEMORANDUM[*] |

| | |
|---|---|
| GUANGYAO XU,<br><br>            Petitioner,<br><br>   v.<br><br>PAMELA BONDI, Attorney General,<br><br>            Respondent. | No. 24-7025<br><br>Agency No.<br>A246-616-813 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA, District Judge.***

Guangyao Xu, a native and citizen of the People's Republic of China, petitions for review of two orders of the Board of Immigration Appeals ("BIA"). The first petition seeks review of the BIA's summary dismissal of Xu's appeal of an Immigration Judge's ("IJ") decision denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture. The second petition seeks review of the BIA's denial of Xu's motion to reopen based on ineffective assistance of counsel.

We review the BIA's summary dismissal of an appeal and denial of a motion to reopen for abuse of discretion. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021); *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)). Questions of law, however, such as whether summary dismissal or ineffective assistance of counsel violates a petitioner's due process rights, must be reviewed de novo. *Nolasco-Amaya*, 14 F.4th at 1012; *Mohammed v.*

---

*** The Honorable Hernan Diego Vera, United States District Judge for the Central District of California, sitting by designation.

*Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

1. Xu has not established that the BIA's summary dismissal of his appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), (E) violated his rights to due process. *See Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753 (9th Cir. 2004) (providing that summary dismissal violates a petitioner's due process rights when the petitioner "gives detailed reasons to support his appeal, either in a separate brief or on the Notice of Appeal itself"). Xu does not dispute the BIA's finding that his Notice of Appeal did not "meaningfully apprise the Board of specific reasons underlying [his] challenge to the [IJ's] decision." The BIA also concluded that, despite indicating on his Notice of Appeal that he would file a brief or statement in support of his appeal, Xu did not file any such brief or statement or explain his failure to do so. Xu attributes this omission to the ineffective assistance of his prior counsel. But that claim is not properly before us in this petition. *See Singh v. Gonzales*, 416 F.3d 1006, 1014–15 (9th Cir. 2005) (explaining that an attorney's failure to timely file an appellate brief "give[s] rise, not to a claim that the BIA's summary dismissal procedures denied the petitioner due process, but instead to a claim that he was denied effective assistance by his counsel").

2. The BIA did not abuse its discretion in denying Xu's motion to reopen on the grounds that, even assuming prior counsel provided ineffective assistance, Xu

has not established that he was prejudiced by prior counsel's performance. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (explaining that, to warrant reopening, a petitioner must show "substantial prejudice, meaning that counsel's performance was so inadequate that the outcome of the proceeding may have been affected by the alleged violation" (citation and internal quotation marks omitted)). To be sure, prior counsel's failure to file a brief with the BIA creates a presumption of prejudice because the mistake "deprived [Xu] of a direct appeal to the BIA." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003). That presumption, however, is rebutted where, as here, the petitioner fails to present any "plausible grounds for relief." *Id.* (quoting *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000)). Before the BIA, Xu made no argument "demonstrat[ing] how the result in these proceedings may have been different had an appellate brief been submitted." In his petition for review, Xu does not present plausible grounds to overcome the IJ's findings that his testimony was not credible and that the remaining evidence in the record did not establish his eligibility for asylum and related relief.

**PETITIONS DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (No. 24-7025, Dkt. No. 5) is otherwise denied.