**José Antonio HERNANDEZ–MENDOZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70926.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed May 25, 2007.

Karen S. Chen, Esq., Bibianne U. Fell, Esq., Baker & McKenzie Wells Fargo Plaza, San Diego, CA, for Petitioner.

José Antonio Hernandez–Mendoza, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Lyle D. Jentzer, Esq., Virginia Lum, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and PAEZ, Circuit Judges, and HART, District Judge.*

## MEMORANDUM **

The Board of Immigration Appeals ("BIA") affirmed the entry of an order of removal against José Antonio Hernandez–Mendoza on grounds that he entered the United States without inspection. Because Hernandez–Mendoza received constitutionally ineffective assistance of counsel during his merits proceedings before the immigration judge ("IJ"), we grant his petition for review and remand to the BIA for further proceedings.

### I.

■ The government first argues that we lack jurisdiction over this petition for review because Hernandez–Mendoza did not administratively exhaust his claim of ineffective assistance of counsel ("IAC") with the BIA by filing a motion to reopen. The government's argument is foreclosed by *Granados–Oseguera v. Gonzales,* 464 F.3d 993 (9th Cir.2006), where we held that a motion to reopen is not an administrative remedy available as of right so as to bar review of an IAC claim raised for

---

* The Honorable William Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

the first time in a petitioner's opening brief to this court. *See id.* at 997 ("[W]e may review [the petitioner's IAC claim] since it is his first opportunity to raise it, and the claim asserts a due process violation."). *See also Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 880–81 (9th Cir.2003); *Castillo–Villagra v. INS,* 972 F.2d 1017, 1024 (9th Cir.1992) ("[R]eopening [is] not available 'as of right,' so a motion to reopen [is] not a jurisdictional prerequisite." (citation omitted)).

■ Nor does prudential exhaustion require us to decline jurisdiction. *See Alcaraz v. INS,* 384 F.3d 1150, 1160 (9th Cir. 2004) (holding that prudential exhaustion does not preclude jurisdiction when motion to reopen would be time-barred); *Castillo–Villagra,* 972 F.2d at 1024–25 (holding that prudential exhaustion does not bar review when "[t]he effect of requiring a motion to reopen as a condition of exhaustion may amount ... to denial of any hearing").

## II.

■ We also reject the government's argument that Hernandez–Mendoza had no due process right to effective representation before the I.J. We have repeatedly held that the Fifth Amendment guarantee of procedural due process, including the right to competent assistance, extends to individuals seeking discretionary relief from removal. *See, e.g., Fernandez v. Gonzales,* 439 F.3d 592, 602 n. 8 (9th Cir. 2006) (explaining that discretionary nature of relief sought does not eliminate jurisdiction over "procedural due process and ineffective assistance of counsel claims, which are predicated on the right to a full and fair hearing" (citation omitted)); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the

proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." (internal quotation marks and citation omitted)).

## III.

Next, we address the government's objection that we lack jurisdiction because Hernandez–Mendoza has not complied with *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). The purpose of the three *Lozada* factors is "to ensure both that an adequate factual record exists for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." *Castillo–Perez,* 212 F.3d at 526. "These factors are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance." *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002) (citing *Castillo–Perez v. INS,* 212 F.3d 518, 526 (9th Cir.2000)). *See also Ray v. Gonzales,* 439 F.3d 582, 588 (9th Cir.2006) ("[T]hese requirements are not sacrosanct." (internal quotation marks and citations omitted)).

■ Hernandez–Mendoza's non-compliance with the *Lozada* requirements is not fatal to his IAC claim. First, *Lozada* compliance is mandated by the BIA, not the Ninth Circuit. *See Escobar–Grijalva v. INS,* 206 F.3d 1331, 1334 (9th Cir.2000) (calling *Matter of Lozada* the BIA's "own precedent" and concluding that the First Circuit's affirmance of *Matter of Lozada* in *Lozada v. INS,* 857 F.2d 10 (1st Cir. 1988), "did not touch upon any general procedural requirement necessary to bring an ineffective assistance of counsel claim"). Second, this record clearly shows that Hernandez–Mendoza received constitutionally inadequate assistance of counsel that prejudiced his case for relief from remov-

al.[1] *See Granados–Oseguera,* 464 F.3d at 998–99; *Castillo–Perez,* 212 F.3d at 526.

## IV.

■ Turning to the merits, we conclude that the failure of Hernandez–Mendoza's former counsel to file the required 8 U.S.C. § 1182(h) waiver application on the date required by the IJ constituted prejudicial ineffective assistance.[2] A lawyer provides constitutionally deficient representation in immigration proceedings by failing to file a necessary application or appeal. *See, e.g., Iturribarria v. INS,* 321 F.3d 889, 900 (9th Cir.2003) (finding IAC when counsel failed to file application for cancellation of removal by date imposed by IJ); *Rodriguez–Lariz,* 282 F.3d at 1226 (finding IAC when counsel failed timely to file application for suspension of deportation); *Dearinger v. Reno,* 232 F.3d 1042, 1045 (9th Cir.2000) (finding IAC when counsel failed to file appeal as promised, because petitioner "would have timely appealed but for her counsel's error"). Hernandez–Mendoza's lawyer also performed deficiently in declining the IJ's offer to extend the time to file for a § 1182(h) waiver until end of the day. Any prudent lawyer would have preserved this opportunity for his client.

The lawyer's error prejudiced Hernandez–Mendoza's case for relief because it " 'may have affected the outcome of the proceedings.' " *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (quoting *Iturribarria,* 321 F.3d at 900). Hernandez–Mendoza need not demonstrate *prima facie* eligibility for the relief sought (here the § 1182(h) waiver), nor that but for his attorney's error the outcome of his proceedings would have been different. *See id.* at 858–59 (distinguishing IAC prejudice standard from *prima facie* standard that applies "for a regular motion to reopen" and rejecting "but for" prejudice standard (citing *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003))).

The failure to file a necessary document creates a presumption of prejudice. *See Ray,* 439 F.3d at 589; *Singh v. Ashcroft,* 367 F.3d 1182, 1189 (9th Cir.2004); *Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003); *Dearinger,* 232 F.3d at 1045. This presumption is rebutted when the petitioner lacks "plausible grounds for relief." *Rojas–Garcia,* 339 F.3d at 826. Hernandez–Mendoza does not lack plausible grounds for relief. He is eligible for a § 1182(h) waiver because his possession conviction was for less than 30 grams.[3]

---

1. We disagree with the dissent's conclusion that the first attorney's incompetence is not obvious from the face of the record. As discussed in the following section, the lawyer failed timely to file a necessary application, creating a (here unrebutted) presumption of prejudice.

To the extent that the dissent speculates that Hernandez–Mendoza chose not to pursue a waiver application because he "did not want to stay in jail for a long time on the chance a waiver application might succeed," we note that Hernandez–Mendoza is still in detention and has been ever since the October 2005 hearing. His persistence, nineteen months later, in challenging his order of removal does not support a conclusion that he agreed to abandon his waiver application in order to avoid further detention.

2. To be eligible for cancellation of removal, *see* § 1229b, Hernandez–Mendoza required a waiver of inadmissibility because of his conviction for possession of marijuana under Revised Statute sections 13–3401, 13–3405, 13–701, 13–702, 13–702.01, and 13–801.

3. We grant Hernandez–Mendoza's motion for judicial notice of the state court order vacating his conviction for possession of marijuana, although it is not dispositive to our resolution of his case. Assuming without deciding that the vacated marijuana conviction would still qualify as a criminal conviction so as to trigger—along with Hernandez–Mendoza's DUI offense under Arizona Revised Statute section 28–1383— § 1182(a)(2)(B), with a § 1182(h) waiver Hernandez–Mendoza would not be barred by § 1182(a)(2)(B).

Because a § 1182(h) waiver waives the application of both § 1182(a)(2)(A)(i)(II) (controlled substance offense) and § 1182(a)(2)(B) (multiple criminal convictions), with such a waiver Hernandez–Mendoza is eligible for cancellation of removal.[4]

Because Hernandez–Mendoza was statutorily eligible for a § 1182(h) waiver and because with that waiver he was statutorily eligible for cancellation of removal, his attorney's failure to follow the IJ's instructions constituted prejudicial ineffective assistance. *Cf. Taniguchi v. Schultz,* 303 F.3d 950, 958 (9th Cir.2002) (rejecting IAC claim when petitioner "was statutorily precluded from applying for the § [1182](h) waiver"). Accordingly, we grant the petition for review, vacate the order of removal, and remand.[5]

**GRANTED and REMANDED.**

---

4. The aggravated felony bar in § 1182(h) does not apply to Hernandez–Mendoza. That provision only applies against "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." Even if it applied, the controlled substance conviction was for possession, not trafficking, and so does not qualify as an aggravated felony under § 1101(a)(43)(B). The DUI offense, of which there is no record, also fails to qualify as an aggravated felony. *See Lara–Cazares v. Gonzales,* 408 F.3d 1217, 1221 (9th Cir.2005) (relying on *Leocal v. Ashcroft,* 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004)).

5. We leave it for the agency to address, in the first instance, the joint availability of cancellation of removal and a § 1182(h) waiver.

