# United States Court of Appeals
## For the First Circuit

No. 12-1133

JIN QING WU,

Petitioner,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW FROM AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Torruella, Howard and Thompson,
Circuit Judges.

Brian Shamus O'Donniley and Schiller Law Group PC on brief for petitioner.
Stuart F. Delery, Acting Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, and Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, Civil Division, on brief for respondent.

January 2, 2013

**HOWARD**, **Circuit Judge**.  Jin Qing Wu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigrations Appeals' (BIA) dismissal of his application for adjustment of status.  The petition is denied.

## I.  Background

The United States permits an eligible noncitizen who is not a lawful permanent resident to apply to adjust his status to that of lawful permanent resident.  De Acosta v. Holder, 556 F.3d 16, 18 (1st Cir. 2009).  While aliens who enter the country without inspection are generally not eligible for such adjustment, 8 U.S.C. § 1255(a), (c), an alien may be "grandfathered" and thus eligible if, as relevant here, a labor certification application was filed on the alien's behalf by the grandfather date of April 30, 2001. Id.; 8 U.S.C. § 1255(i).

Wu entered the United States without inspection on May 5, 1999.  In April 2007, he married Bijao Chen, a United States citizen.  Soon after, he began the process for adjustment of his immigration status.  In May 2007, Ms. Chen filed an immediate relative petition on her new husband's behalf, and Wu filed an application for adjustment of status.  Because Wu had entered the United States without inspection, his marriage could support a change in status only if, as relevant here, he was already the beneficiary of an application for labor certification that was

filed on or before April 30, 2001. See 8 U.S.C. § 1255(i). Thus, the outcome of this appeal turns on events that occurred in 2001.

On April 16, 2001, Wu's employer in Fort Collins, Colorado, Lin Bo, submitted an application for labor certification on Wu's behalf to the Colorado Department of Labor and Employment ("CDL"). The CDL returned the application to Bo on April 24, 2001, with instructions to make corrections and additions within forty-five days. The CDL warned that failure to timely respond would result in recission of the April 16, 2001 priority date, such that future submissions would be treated as newly filed applications.[1] Bo responded to the CDL on May 11, 2001. The CDL again wrote to Bo on May 30, 2001. Although that letter is not part of the record, it is referenced in a subsequent letter that Bo sent to the CDL on June 20, 2001, in which he stated that he was complying with instructions contained in the CDL's May 30 correspondence. The application itself is stamped as "received" by the CDL on "July 5, 2001."

## II. Prior Proceedings

The Citizenship and Immigration Service ("CIS") rejected Wu's application for status adjustment in October 2007. The CIS observed that, although the original priority date for his labor

---

[1] A "priority date" is used by the United States Citizenship and Immigration Service to establish the order in which an alien will be able to obtain a visa or to adjust status. De Acosta, 556 F.3d at 17 n.2.

-3-

certification application was April 16, 2001, the CDL changed it to July 5, 2001. Therefore, the CIS concluded that no application had been properly filed on or before April 30, 2001.

In November 2007, the Bureau of Immigration and Customs Enforcement initiated removal proceedings against Wu as an alien who entered the United States without inspection. See id. § 1182(a)(6)(A)(i). Although he conceded removability, Wu indicated that he intended to use the proceeding to obtain adjustment of his immigration status. See 8 U.S.C. § 1229a(c)(4).

The matter went before an Immigration Judge ("IJ"), who, after granting several continuances to allow Wu to secure counsel, and then for counsel to marshal evidence, denied Wu's application. The IJ, essentially relying on the stamped date of July 5, 2001, concluded that Wu failed to meet his burden of showing that the application was filed on or before April 30, 2001.

Wu appealed to the BIA. He asserted that the IJ erred by relying on the stamped date rather than the original April 16 submission date and therefore in not adjusting his status. Wu also alleged that the IJ denied him due process by failing to consider a brief that he submitted. With respect to the filing date, Wu argued that the July 5, 2001, stamped date was due to an "unfortunate administrative error" and that the application should have been stamped April 16, 2001 by the CDL. Alternatively, he argued that the IJ could have changed the date nunc pro tunc.

-4-

The BIA dismissed the appeal, finding no clear error in the IJ's determination that the application for labor certification was not properly filed before April 30, 2001, as the statute requires.  See 8 U.S.C. § 1255(i)(1)(B)(ii).  As part of that finding the BIA concluded that there was no error in relying on the stamped receipt date; consequently it did not address the nunc pro tunc dating request.  Finally, the BIA rejected Wu's due process claim because he failed to demonstrate what evidence was overlooked, or how he was prejudiced.  This timely appeal followed.

### III.  Legal Analysis

Wu makes three arguments on appeal.  First, he claims that the IJ erred by "failing to provide the petitioner with any opportunity to supplement the record with testimony."  Second, he argues that the IJ incorrectly reasoned that he had no authority to change the stamped receipt date of Wu's application and failed to consider whether testimony could have provided evidence to support such a change.  Finally, Wu argues that he was denied effective assistance of counsel because he was not advised that he could testify or that he had waived his right to do so.

Initially, we note that neither Wu's ineffective assistance of counsel claim nor his argument that he was not permitted to testify were raised before the BIA.[2]  Thus, we are

---

[2] To the extent he claimed before the BIA that he had been denied due process in the immigration court proceedings, Wu did so only with respect to the alleged failure of the IJ to review a

without jurisdiction to review them.  8 U.S.C. § 1252(d)(1); see Sombah v. Mukasey, 529 F.3d 49, 52 (1st Cir. 2008) (noting that claims not presented to the BIA are not reviewable).  Moreover, the BIA has explicit procedures for asserting an ineffective assistance of counsel claim, and Wu does not suggest that he has followed those procedures.  See Alsamhouri v. Gonzalez, 484 F.3d 117, 124 n.8 (1st Cir. 2007) (citing In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)).

Turning to the merits of the dispute over the application for a labor certification,[3] we typically review the decision of the BIA, not that of the IJ, except to the extent that the BIA deferred to or adopted the IJ's reasoning.  Hasan v. Holder, 673 F.3d 26, 33 (1st Cir. 2012).  We will affirm the decision on adjustment of status if the decision is "supported by reasonable substantial and probative evidence on the record considered as a whole."  De Acosta v. Holder, 556 F.3d 16, 18 (1st Cir. 2009).

Wu had the burden of proving that the application for labor certification submitted on his behalf "was properly filed .

---

brief and exhibits filed prior to his hearing.  This claim has been abandoned on appeal.  There is no mention either in his notice of appeal or brief to the BIA of a claim based on the denial of the right to testify.

[3] Wu's appellate brief focuses on his unexhausted claims of procedural infirmities, over which, as stated above, we have no jurisdiction.  His brief barely mentions why the BIA's substantive decision with respect to the July 5, 2001 receipt date was wrong. That issue, therefore, is probably not properly before us either. In an abundance of caution, however, we give it our full attention.

-6-

. . on or before April 30, 2001, and . . . was approvable when filed."  8 U.S.C. § 1255(i)(1)(B)(ii); 8 U.S.C. § 1229a(c)(4); De Acosta, 556 F.3d at 18.  While, as the IJ noted, the back-and-forth between the CDL and Wu's employer rendered the history somewhat murky, the chain of communication regarding the CDL's multiple remands of the application to Wu's employer and the date-stamp of July 5, 2001 are sufficient evidentiary support for the BIA's conclusion that the application was not "properly filed" and "approvable" by April 30, 2001.  As the BIA observed, under the regulations in effect at the relevant time, an application was "deemed validated" as of the date that the CDL stamped it received.  See 20 C.F.R. § 656.30(b)(1) (2001).  Similarly, the record supports the BIA's determination that Wu failed to demonstrate that the CDL date-stamp was a clerical mistake.  Both the initial April filing and the employer's response to the CDL's notice contained deficiencies that necessitated correction.  As the BIA noted, the July 5 date-stamp could support the conclusion that the CDL did not consider the deficiencies identified in its April and May letters to the employer to have been rectified.

The petition is **denied**.