[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12370
Non-Argument Calendar
_____

Agency No. A079-845-544

DRAGISA JOVIC,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 25, 2014)

Before WILSON, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Dragisa Jovic seeks review of the final order of the Board of Immigration

Appeals dismissing his appeal of, and denying his motion to reopen, his removal

proceedings, which he filed after the Immigration Judge found that he was removable for having made misrepresentations on his refugee application under 8 U.S.C. §§ 1182(a)(6)(C)(i) and 1182(a)(7)(A)(i)(I).  Mr. Jovic raised one claim to the BIA—the ineffective assistance of his trial counsel.  In the instant petition, Mr. Jovic raises the same ineffective assistance claim, in addition to three other claims for the first time: (1) an ineffective assistance of counsel claim for his appellate counsel; (2) a challenge to the IJ's finding that he engaged in genocide or extrajudicial killings; and (3) a challenge to the IJ's failure to advise him of the availability of relief under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").  For the reasons stated below, we dismiss Mr. Jovic's petition in part, and deny it in part.

## I

On July 15, 2010, the IJ found Mr. Jovic to be removable for the willful misrepresentation of a material fact, under 8 U.S.C. § 1227(a)(1)(A), and for being a non-U.S. citizen without a valid immigrant visa or entry document, under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  The IJ found that Mr. Jovic failed to disclose his service in the military police of the Zyornik Brigade of the army of the Republika Srpska ("VRS") on his refugee application and on his application for adjustment of status.  The IJ also found that Mr. Jovic was involved with the VRS at a time when members of the brigade massacred Serbian Muslims in Srebrenica, rendering him

2

ineligible for waiver under 8 U.S.C. § 1182(a)(3)(E)(ii).  Finally, the IJ determined that Mr. Jovic was not statutorily eligible for refugee status because he lived in Bosnia when he applied for refugee status, and in order to be eligible, as a Bosnian, he had to have been outside of the country. The IJ found that Mr. Jovic willfully misrepresented that he was living in Serbia at the time of his application.

Mr. Jovic was represented by Richard Loiseau during the hearing before the IJ. After the hearing, Mr. Loiseau stated he intended to pursue a waiver or a cancellation of removal, and the IJ gave him until December 15, 2010, to do so. No filing was made, and after the IJ granted Mr. Loiseau's motion to withdraw as counsel, he deemed Mr. Jovic's application for relief from removal abandoned on April 22, 2011.

Mr. Jovic filed a counseled appeal to the BIA, which the BIA also construed as a motion to reopen.  Mr. Jovic raised one claim before the BIA—the ineffective assistance of trial counsel based on Mr. Loiseau's failure to appear at a hearing before the IJ and his failure to notify Mr. Jovic about the IJ's December filing deadline.

The BIA dismissed the appeal and denied the motion.  The BIA found that Mr. Jovic did not sufficiently comply with the procedural requirements of *In re Lozada*, 19 I.&N. Dec. 637, 639 (BIA 1988), because he did not provide an affidavit detailing his agreement with his lawyer, and because he did not provide a

3

copy of any complaint he purportedly filed with the appropriate state bar. The BIA also found that, even if he had complied with *Lozada*, he could not show prejudice because Mr. Jovic was not statutorily eligible for cancellation of removal. The BIA found that Mr. Jovic had not met the seven-year continuous residency requirement under 8 U.S.C. § 1229b(a), and that the IJ did not clearly err in finding that Mr. Jovic was ineligible due to his involvement with the military police of the ZRS. Mr. Jovic now seeks review of the BIA's decision.

## II

We generally lack jurisdiction to review claims that a petitioner has not first raised with the BIA. *See* 8 U.S.C. § 1252(d)(1). *See also Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005). Here, we lack jurisdiction to review Mr. Jovic's claims, except for the ineffective assistance of counsel claim related to Mr. Loiseau, because he did not first raise those other claims before the BIA.[1]

---

[1] Although we have not specifically held in a published opinion that this exhaustion requirement applies specifically to ineffective assistance of counsel claims, we note that many other circuits have. *See Jin Qing Wu v. Holder*, 705 F.3d 1, 3 (1st Cir. 2013); *Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389-90 (5th Cir. 2001); *Alizoti v. Gonzales*, 477 F.3d 448, 453-54 (6th Cir. 2007); *Etchu-Njang v. Gonzales*, 403 F.3d 577, 583-84 (8th Cir. 2005). *Compare Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 978 (9th Cir. 2007) (holding exhaustion not required because motion to reopen is not relief available as of right), *with Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (holding no jurisdiction exists where ineffective assistance of counsel claim was unexhausted, and citing 8 U.S.C. § 1252(d)(1)).

## III

We now turn to Mr. Jovic's argument that the BIA erred in rejecting his ineffective assistance of counsel claim for Mr. Loiseau.

We review the BIA's denial of a motion to reopen for an abuse of discretion, *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003). That means our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005).

To compel the BIA to reopen a removal proceeding based on a claim of ineffective assistance of counsel, the BIA may require a petitioner to: (1) provide an affidavit explaining the petitioner's agreement with counsel and the actions counsel did or did not take; (2) show that counsel was informed of the petitioner's allegations and given an opportunity to respond; and (3) show that a complaint has been filed with appropriate bar disciplinary authorities, or provide an explanation if none has. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005) (citing *Lozada*, 19 I.&N. Dec. at 639). "[I]n addition to substantial, if not exact, compliance with the procedural requirements of *Lozada*, a petitioner claiming ineffective assistance of counsel . . . must also show prejudice." *Id.* "Prejudice exists when . . . there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

5

Here, Mr. Jovic does not challenge the BIA's finding that he failed to comply with *Lozada* on appeal.  Rather, Mr. Jovic submitted evidence with his initial brief in an attempt to satisfy *Lozada*, but this Court granted the respondent's related motion to strike. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

By not addressing the BIA's finding regarding his failure to comply with *Lozada*, Mr. Jovic has waived any argument that it constitutes an error which merits relief.  *See Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1305 n.3 ("A party must 'specifically and clearly identify' a claim in its brief . . . otherwise it will be 'deemed abandoned and its merits will not be addressed.'") (quoting *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)).

Even if Mr. Jovic had complied with *Lozada*, he has not shown that the BIA's finding of a lack of prejudice was reversible error.  Mr. Jovic conceded to the BIA that he had not met the seven-year continuous residency requirement under 8 U.S.C. § 1229b(a), and he does not contest the finding of a lack of prejudice on that basis here.

Mr. Jovic also has not shown that, in finding a lack of prejudice, the BIA abused its discretion by relying on the IJ's findings that Mr. Jovic was involved with the military police of the ZRS and that he was residing in Bosnia at the time

6

of his application.  Mr. Jovic did not challenge these findings before the BIA, and with these findings unchallenged, the BIA did not arbitrarily or capriciously find the absence of clear error with respect to these points.  Mr. Jovic now argues that the government did not establish these facts by clear and convincing evidence, but we do not address that specific argument because it was not exhausted.

## IV

We dismiss Mr. Jovic's petition in part and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**