**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GABRIEL URIBE-SANTILLAN, | No.   13-72072 |
| Petitioner, | Agency No. A073-932-076 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2018
San Francisco, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and OLIVER,** District Judge.

Juan Gabriel Uribe-Santillan, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen

removal proceedings because of ineffective assistance of counsel.  Although the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

government concedes that prior counsel was ineffective, it argues his deficient performance did not prejudice Uribe. Because we are not convinced that Uribe lacked all "plausible grounds for relief," *see Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 979 (9th Cir. 2007), we grant the petition and remand for further proceedings.

A timely motion to continue the removal proceedings to allow Uribe to seek adjustment of status could plausibly have been successful. In August 2012, when the IJ deemed Uribe removable, his I-130 visa application had been pending for more than seventeen years. *See Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011) (concluding that the IJ abused his discretion by denying a continuance even though the visa application process could have taken "months or even years"); *see also Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988) ("[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay' can render the alien's statutory rights merely 'an empty formality.'" (quoting *Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir. 1985))). And, although Uribe's visa application was not current at the time of the removal hearing, he was not at fault for the processing delay. *See Malilia*, 632 F.3d at 606 ("[Petitioner] should not have to bear the ultimate cost for USCIS's inefficiencies."); *see also In re Hashmi*, 24 I. & N. Dec. 785, 793 (BIA 2009) ("[A] critical inquiry will revolve around which party is most responsible for the delay.").

2

Nor are we convinced that Uribe would not have qualified for a waiver of inadmissibility had counsel pursued adjustment of status. The BIA correctly notes that Uribe's conviction for "attempt forgery" under Nevada Revised Statutes section 205.110 was categorically a crime involving moral turpitude (CIMT). But, although a conviction for a CIMT renders a petitioner "inadmissible" and ineligible for adjustment of status, 8 U.S.C. § 1255(a), "[t]he Attorney General may, in his discretion" waive inadmissibility "in the case of an immigrant who is the . . . parent [or] son . . . of a citizen of the United States . . . if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen . . . ," 8 U.S.C. § 1182(h)(1)(B).

Because prior counsel did not apply for adjustment of status or a waiver of inadmissibility, Uribe had no opportunity to present evidence of the "extreme hardship" that may have qualified him for an administrative waiver. The record evidence before us, however, documents that Uribe has three U.S. citizen children, including a child with a serious seizure disorder and diabetes, and a U.S. citizen father; has lived in the United States for more than two decades; and is employed and paying taxes. And, his crime, while admittedly a CIMT, is a non-violent crime. Given these facts, it is at least plausible that the Attorney General would

3

have granted Uribe an inadmissibility waiver.

**PETITION GRANTED; REMANDED.**