**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>ORIYOMI ALOBA,<br><br>          Defendant-Appellant. | No. 19-50343<br><br>D.C. No. 2:18-cr-00083-RGK-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 9, 2022
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,** District
Judge.

Following a three-day jury trial, Oriyomi Aloba was convicted of a series of

computer-related offenses, including wire fraud and aggravated identity theft,

based on a July 2017 phishing attack targeting the Los Angeles County Superior

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

1

Court. He was sentenced to 145 months in custody and three years of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the Aloba's conviction but remand for resentencing.

1. The pretrial suppression motions were properly denied. Even assuming the July 28, 2017 state email warrants were unconstitutionally overbroad because of their "indiscriminate sweep," *Stanford v. Texas*, 379 U.S. 476, 486 (1965), the subsequent federal email warrants provided an independent source for the email evidence because they were supported by probable cause and did not rely on any of the information obtained from the state warrants, *Murray v. United States*, 487 U.S. 533, 542 (1988); *United States v. Heckenkamp*, 482 F.3d 1142, 1149 (9th Cir. 2007). The fact that the federal warrant sought evidence in the state's possession does not alter this inquiry. *See United States v. Romero*, 585 F.2d 391, 395 (9th Cir. 1978). Additionally, the evidence related to the AT&T phone warrants was either not subject to Fourth Amendment protection, *Smith v. Maryland*, 442 U.S. 735, 745–46 (1979), and in any event its seizure was harmless because it was not used in the prosecution, *United States v. Job*, 871 F.3d 852, 865 (9th Cir. 2017).

Finally, the search warrant for the "Katy Residence"—the only physical search that resulted in the seizure of evidence used in the prosecution—was supported by probable cause because the warrant affidavit discussed in detail how phishing campaigns are orchestrated and executed and how Aloba was connected

2

to the attack under investigation.  The affidavit also chronicled Aloba's recent

connection to the residence and identified the types of digital devices and media

that investigators believed would be present and how those items could be used in

the underlying offenses.   Thus, the seizure "was described in the narrowest terms

reasonably likely to contain" evidence related to the offense.  *United States v.*

*Brobst*, 558 F.3d 982, 993 (9th Cir. 2009).  By setting forth the details of the

scheme and the instrumentalities of the crime the government satisfied its burden,

and "[t]he magistrate judge . . . properly approved the warrant, which in turn

encompassed all the computers found at [the] residence."  *United States v. Adjani*,

452 F.3d 1140, 1147 (9th Cir. 2006).

2.  We do not reach the merits of Aloba's specific challenges to his sentence

on appeal because a procedural error requires remand for resentencing.  In

imposing the sentence, the district court did not address any of Aloba's objections

to the calculation of the Sentencing Guidelines or analyze any of the 18 U.S.C.

§ 3553(a) factors.  Despite the government's efforts to create a record on these

issues, the court simply stated, "[t]he Court . . . has accepted the presentence

report," and "[t]he Court has considered and has adopted the presentence report's

calculations and the reasons in the presentence report calculation."  That

explanation is not sufficient in light of the specific objections and arguments raised

by the defendant.  *See* Fed. R. Crim. P. 32(i)(3)(B); *United States v. Doe*, 705 F.3d

3

1134, 1153 (9th Cir. 2013) ("The Ninth Circuit has mandated strict compliance with Rule 32, explaining that the rulings must be express or explicit.") (quotation marks omitted); *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) ("[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position."). The district court's "total omission goes against the explicit policy" that a sentencing judge "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Because the failure to calculate the Guidelines correctly and consider the § 3553(a) factors is a "significant procedural error," *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also* 18 U.S.C. § 3553(c) (requiring a district court to "state in open court the reasons for its imposition of the particular sentence"), remand for a complete resentencing is required.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.[1]**

---

[1] We decline to entertain Aloba's pro se submission of a supplemental brief because he is represented by counsel. 28 U.S.C. § 1654.

4