**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



| | |
|---|---|
| JOSE H. FLORES ALVARADO, AKA Jose Flores, AKA Jose Flores Alvaro, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   18-71576 <br><br> Agency No. A094-291-491 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022**
San Francisco, California

Before:  BEA, CHRISTEN, and BRESS, Circuit Judges.

Jose H. Flores Alvarado, a citizen of Honduras, seeks review of a decision by

the Board of Immigration Appeals ("BIA") denying his motion to reopen his

immigration proceedings, in which Alvarado sought cancellation of removal,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We "review the denial of a motion to reopen for abuse of discretion" and may grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (quotations omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA did not abuse its discretion in denying Alvarado's motion to reopen based on ineffective assistance of counsel. To prevail on a motion to reopen based on ineffective assistance of counsel, a petitioner must show deficient performance and prejudice. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam). To show prejudice, a petitioner must demonstrate "that he has plausible grounds for relief." *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996). Counsel's "'failure to file a necessary document creates a presumption of prejudice[,]' rebutted only when the alien lacks plausible grounds for relief." *Singh v. Holder*, 658 F.3d 879, 887 (9th Cir. 2011) (alterations in original) (quoting *Hernandez-Mendoza v. Gonzalez*, 537 F.3d 976, 979 (9th Cir. 2007)).

In this case, Alvarado's attorney failed to file an administrative appeal brief from the Immigration Judge's decision, which led the BIA to dismiss his appeal. But any presumption of prejudice is overcome because the BIA considered this unfiled brief in connection with Alvarado's motion to reopen, and concluded

2

Alvarado had not established eligibility for relief. That determination was not an abuse of discretion.

The BIA reasonably determined that Alvarado had not shown he was entitled to withholding of removal. To obtain withholding of removal, Alvarado must establish a clear probability of future persecution on account of a protected ground. *See Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004); 8 C.F.R. § 208.16(b)(2). Alvarado does not allege past persecution. Nor did he demonstrate a clear probability of future persecution on account of a protected ground. The BIA concluded, consistent with our precedents, that Alvarado's proposed social group of "returning Honduran nationals who are perceived as having accrued wealth and having the means to live securely," is not cognizable. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting a proposed social group of "imputed wealthy Americans" because it "is not a discrete class of persons recognized by society as a particular social group").

The BIA also reasonably rejected Alvarado's claim that he was persecuted based on a proposed social group consisting of his family. As the BIA determined, Alvarado "points to no evidence that he or another family [member] may be targeted because of kinship as distinguished from criminal motives such as extortion." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang

3

members bears no nexus to a protected ground").

In this Court, Alvarado has not pursued his CAT claim or his request for cancellation of removal (the latter of which he also did not raise before the BIA). These claims are therefore forfeited.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED.**