NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OFIR PALACIOS SANCHEZ, | Nos. 20-72965 |
| | 21-70750 |
| Petitioner, | |
| | Agency No. A206-855-969 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2023
Phoenix, Arizona

Before: NGUYEN and COLLINS, Circuit Judges, and KORMAN,** District Judge. Concurrence by Judge KORMAN.

Ofir Palacios Sanchez appeals the denial of his motion to file a late appeal

and his subsequent motion for reconsideration and to reopen by the Board of

Immigration Appeals ("BIA"). He contends that the BIA erred in concluding that

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1

he failed to exercise diligence in filing his appeal. We deny in part and dismiss in part the petition.

1.  Palacios Sanchez seeks review of the BIA's decision declining to certify his case for consideration on appeal. We lack jurisdiction to review the BIA's certification decision, which is committed to the agency's discretion. *Idrees v. Barr*, 923 F.3d 539, 543 (9th Cir. 2019). Thus, we dismiss the petition insofar as it challenges the certification decision.

2.  The BIA properly determined that Palacios Sanchez, through his counsel, failed to exercise diligence in timely filing his appeal.[1] As a preliminary matter, the BIA correctly addressed counsel's diligence, which is one element of the equitable tolling analysis. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). In fact, it seems the BIA charitably construed Palacios Sanchez's motions as presenting an equitable tolling claim even though such tolling was not explicitly raised. This was not error. We have held that the BIA's 30-day appeal filing deadline is not jurisdictional, which makes it "subject to equitable exceptions." *Irigoyen-Briones v. Holder*, 644 F.3d 943, 947–48 (9th Cir. 2011). The BIA's equitable tolling diligence analysis was therefore appropriate.

---

[1] We need not determine whether, as Palacios Sanchez contends and as the Fourth Circuit has held, "the BIA's decision to deny equitable tolling presents a mixed question we must review de novo." *Williams v. Garland*, 59 F.4th 620, 639 (4th Cir. 2023). Even assuming that *de novo* review applies, we conclude that the BIA did not err in rejecting Palacios Sanchez's initial motion to file a late appeal.

The BIA correctly concluded that Palacios Sanchez's counsel fell short of his duty to exercise due diligence. In his initial motion to file a late appeal, Palacios Sanchez argued only that counsel acted diligently in re-filing after discovering FedEx's error. In his motion for reconsideration and to reopen, he added that the COVID-19 pandemic circumstances excused counsel's months-long delay in discovering FedEx's error and that the BIA had accepted a late appeal in a similar case.

Counsel filed Palacios Sanchez's appeal nearly five months late. No doubt, counsel was diligent in his initial attempt to file the notice of appeal, which he sent via FedEx overnight mail on January 31, 2020, to meet a filing deadline of February 21, 2020. And, no doubt, that FedEx lost the package in the mail justified some delay in filing the appeal. But diligent counsel would have had a system in place alerting him to the fact that he never received confirmation from the BIA, which is sent shortly after the agency receives a notice of appeal. Instead, counsel remained in the dark for months.

The BIA did not err by rejecting Palacios Sanchez's initial motion, as it provided no explanation for counsel's failure to discover FedEx's error for months. Nor did the BIA abuse its discretion by rejecting counsel's later explanation that staffing disruptions caused by the COVID-19 pandemic excused the lengthy filing delay. To start, staffing disruptions do not excuse counsel from implementing

basic case management strategies that are not particularly labor intensive. And at the least, after realizing that FedEx had failed to deliver one notice of appeal, diligent counsel would have investigated the status of his other appeals to ensure they had been properly filed.

Our decision in *Irigoyen-Briones* is not to the contrary. There, the court commented that mailing an appeal to the BIA overnight for guaranteed delivery on the due date is "all that reasonable diligence requires." *Irigoyen-Briones*, 644 F.3d at 950. The appeal in that case arrived just one day late. *Id.* at 945. Counsel's misstep in this case was not reliance on a mail carrier's shipping time promise resulting in a minor delay, but rather a failure to inquire about an appeal for months despite never receiving confirmation of filing. We do not think that filing through a reliable mail service absolves counsel of the duty to rectify a filing error within a reasonable time frame, nor does *Irigoyen-Briones* stand for that proposition.

Finally, Palacio Sanchez notes that the BIA accepted a late appeal through certification in a related case. Counsel sent three appeals in the same January 2020 package that FedEx lost. In one of those cases, counsel filed a late appeal on June 1, 2020, and the BIA effectively accepted it by invoking its discretion to certify the appeal to itself. As we have stated, we lack jurisdiction to review the BIA's decision not to similarly invoke certification in Palacios Sanchez's case.

4

Moreover, the different facts in the other case, in which FedEx's error was detected and corrected more quickly, provide no basis for concluding that the BIA erred in concluding that equitable tolling was inapplicable in Palacios Sanchez's case.

**PETITION DENIED IN PART and DISMISSED IN PART.**



FILED

JUN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KORMAN, District Judge, concurring:

I concur in the memorandum disposition. I agree with the majority that we lack jurisdiction to review the BIA's certification decision, that the BIA did not err in rejecting petitioner's initial motion to file a late appeal, and that the BIA did not abuse its discretion in denying petitioner's motion to reconsider. But I write separately because the failure by petitioner's counsel to file a timely appeal in this case raises a serious question of ineffective assistance of counsel. Indeed, the result of the decision in this case is to allow removal of a man who has been in this country since 1995 – and who has two U.S. citizen children, born in 2005 and 2014 – with no real opportunity to appeal the immigration judge's decision. All because of the incompetence of petitioner's lawyer.

The majority rightly concludes that diligent counsel would have recognized the fact that the FedEx package had not arrived at the BIA long before petitioner's counsel did in this case. And it is clear from the record that counsel should have known about the FedEx failure at least several weeks before he purports to have discovered it. As the majority notes, "after realizing that FedEx had failed to deliver one notice of appeal, diligent counsel would have investigated the status of his other appeals to ensure they had been properly filed."

This amounts to deficient representation by petitioner's counsel. "A lawyer provides constitutionally deficient representation in immigration proceedings by

1

failing to file a necessary application or appeal." *Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 979 (9th Cir. 2007) (collecting cases). Further, "[t]he failure to file a necessary document creates a presumption of prejudice." *Id.* Petitioner therefore may have reason to file a new motion to reopen with the BIA based on ineffective assistance of counsel, *see Iturribarria v. I.N.S.*, 321 F.3d 889, 896-97 (9th Cir. 2003), the outcome of such a motion I do not prejudge. Suffice it to say for now that petitioner did not receive competent representation in this case.