**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE LUIS FLORES,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   22-222

Agency No.
A200-199-431

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Jose Luis Flores, a native and citizen of Honduras, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal proceedings to apply for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure, on account of ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA issues its own opinion, "[w]e review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). We review for abuse of discretion the BIA's denial of a motion to reopen, and the BIA's decision "may only be reversed if it is 'arbitrary, irrational, or contrary to law.'" *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)). Because the parties are familiar with the factual background, we need not recount it here. We grant the petition for review in part and deny in part.

I

Flores contends that his former counsel was ineffective because he failed to submit a brief or statement in support of Flores's appeal before the BIA, after indicating he would do so in the notice of appeal. "To show a deprivation of due process caused by ineffective assistance of counsel, the [noncitizen] must show that counsel's ineffective performance prejudiced [him]. Prejudice results when the performance of counsel was so inadequate that it may have affected the

2

outcome of the proceedings." *Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir. 2003) (internal quotation marks and citations omitted). "'The failure to file a necessary document creates a presumption of prejudice[,]' rebutted only when the [noncitizen] lacks plausible grounds for relief." *Singh v. Holder*, 658 F.3d 879, 887 (9th Cir. 2011) (quoting *Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 979 (9th Cir. 2007)). Because Flores's applications for asylum and withholding "lack[] plausible grounds for relief," *Singh*, 658 F.3d at 887, we deny Flores's petition for review as to his motion to reopen his applications for asylum and withholding. However, because the BIA abused its discretion by denying Flores's CAT-protection claim on an invalid ground, we grant his petition for review as to his motion to reopen his application for CAT protection.

A

The BIA did not abuse its discretion by denying Flores's motion to reopen his application for asylum because his application was untimely and he is therefore statutorily ineligible for asylum. *See* 8 U.S.C. § 1158(a)(2)(B); *id.* § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(2).

B

The BIA did not abuse its discretion by denying Flores's motion to reopen his application for withholding of removal because Flores's "desire to be free from

3

harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

C

The BIA abused its discretion by denying Flores's motion to reopen his application for CAT protection because the BIA rested its CAT-protection analysis on its withholding analysis, which denied the motion solely based on Flores's failure to demonstrate a nexus to a protected ground. *Compare* 8 U.S.C. § 1231(b)(3)(A) (requiring a petitioner to establish a nexus between the alleged persecution and a protected ground to obtain withholding of removal), *with* 8 C.F.R. § 1208.16(c)(2) (requiring a petitioner to "establish that it is more likely than not that he . . . would be tortured if removed" to obtain CAT protection). Accordingly, we remand for the BIA to reconsider Flores's motion to reopen his application for CAT protection based on whether he has made a prime facie showing that he would face a likelihood of torture with government acquiescence if returned to Honduras.

II

Flores also contends that his former counsel was ineffective because he failed to submit proof of Flores's payment of the $500 voluntary-departure bond to

the BIA. Flores raised this argument in his motion to reopen, but the BIA failed to address it in its January 11, 2022 decision. Because the BIA "[is] not free to ignore arguments raised by a petitioner," *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005), we remand for the BIA to consider Flores's argument regarding his eligibility for voluntary departure.

III

In sum, we deny the petition in part as to Flores's motion to reopen his applications for asylum and withholding. We grant the petition in part as to Flores's motion to reopen his applications for CAT protection and voluntary departure, and remand to the BIA (1) to reconsider Flores's CAT-protection claim and (2) to consider Flores's eligibility for voluntary departure in light of his counsel's alleged ineffectiveness. The motion for a stay of removal (Dkt. No. 2) is granted, and the stay of removal remains in place until the mandate issues.

**PETITION GRANTED in PART, DENIED in PART.**[1]

---

[1] Each party shall bear its own costs on appeal.